**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

**DORIS SCOTT,**

      **Plaintiff,**                                    Case No. 04-74089

**vs.**                                                                  **HONORABLE DENISE PAGE HOOD**

**POLICE OFFICER ROBERT KENYON**
Individually and in his Official Capacity
as a Westland Police Officer**,**

      **Defendant.**

_____/

**MEMORANDUM OPINION AND ORDER**

**I. INTRODUCTION**

This matter is before the Court on Defendant, Police Officer Kenyon Martin's Motion for Summary Judgment filed August 29, 2005. Plaintiff filed her Answer to Defendant, Police Officer Kenyon Martin's Motion for Summary Judgment on September 23, 2005. Defendant filed a Reply Brief in Support of Motion for Summary Judgment on October 6, 2005.

Plaintiff Doris Scott [hereinafter "Plaintiff"] alleges in her Complaint filed on October 20, 2004, four counts against Defendant Police Officer Robert Kenyon [hereinafter "Defendant"]. The counts are: (1) malicious prosecution; (2) 42 U.S.C. § 1983 - Due Process Clause deprivation of life and liberty; (3) 42 U.S.C. § 1983 - false arrest/unlawful seizure; and (4) 42 U.S.C. § 1983 - initiation and pursuit of prosecution without probable cause.

1

In his Motion, the Defendant asks this Court to grant the Motion for Summary Judgment because he alleges that he had probable cause to arrest Plaintiff, and that he is entitled to qualified immunity as to all federal claims brought against him.

For the reasons stated herein, this Court DENIES Defendant, Police Officer Kenyon Martin's Motion for Summary Judgment.

## II.  STATEMENT OF FACTS

### Background

On June 14, 2004 at approximately 7:00 P.M., Plaintiff was pulling into a parking spot at a restaurant located in Westland, Michigan.  (Def., Police Officer Robert Kenyon's Mot. For Summ. J. at 1).  As Plaintiff stared pulling into a parking space, she struck the vehicle of Robin Finney[1]. (Pl.'s Answer to Def.'s Mot. For Summ. J. at 1).  An argument ensued between the Plaintiff and Ms. Finney.  Plaintiff then repositioned her car in the parking space, striking Ms. Finney's vehicle once again and allegedly striking Ms. Finney herself.  Specifically, Ms. Finney alleged that Plaintiff stated when repositioning her car, "I didn't bump your car, but I will show you how to bump a car."  (Def., Police Officer Robert Kenyon's Mot. For Summ. J., Ex. 3).  Plaintiff and Ms. Finney continued to argue and  law enforcement was called.  Defendant Police Officer Robert Kenyon [hereinafter "Defendant"], arrived at the scene and placed Plaintiff in the rear of his patrol car.  Ryan Rieben, a dispatcher for the City of Westland, was riding along with Defendant for training purposes.[2]  (Dep. - Ryan C. Rieben at 5, 31).  Defendant spoke to the Plaintiff, Ms. Gray, Ms. Deremus, Mr. Ledford, Ms. Finney's daughter, and Ms. Finney.  Gale Colleen Gray was sitting in the Plaintiff's front

---

[1] Robin Finney has since married.  Her name now is Robin Ledford.

[2] Mr. Rieben is currently employed as a firefighter by Pittsfield Township.

passenger seat on the day of the incident.  Jeanette Deremus was sitting in the Plaintiff's rear passenger seat on the day of the incident.  Defendant then arrested Plaintiff for felonious assault.  (Def., Police Officer Robert Kenyon's Mot. For Summ. J. at 1).  When Defendant arrested Plaintiff, Plaintiff alleges that Defendant stated, "I am charging your black ass with felonious assault," and "[y]ou people cannot come out here and do what you do in Detroit."  (Pl.'s Answer to Def.'s Mot. For Summ. J. at 3).

### III.  STANDARD OR REVIEW

Under Fed. R. Civ. P. 56, summary judgment is to be entered if the moving party demonstrates there is no genuine issue as to any material fact.  The Supreme Court has interpreted this to mean that summary judgment should be entered if the evidence is such that a reasonable jury could find only for the moving party.  *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249 (1986).  The moving party has "the burden of showing the absence of a genuine issue as to any material fact." *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 157 (1970); *see also Lenz v. Erdmann Corp.*, 773 F.2d 62 (6th Cir. 1985).  In resolving a summary judgment motion, the Court must view the evidence in the light most favorable to the non-moving party.  *See Duchon v. Cajon Co.*, 791 F.2d 43, 46 (6th Cir. 1986); *Bouldis v. United States Suzuki Motor Corp.*, 711 F.2d 1319 (6th Cir. 1983).  But as the Supreme Court wrote in *Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23 (1986):

> [T]he plain language of Rule 56(c) mandates the entry to summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial.  In such a situation, there can be "no genuine issue as to any material fact," since a complete failure of proof concerning an essential element of the nonmoving party's case necessarily renders all other facts immaterial.  The moving party is "entitled to a judgment as a matter of law" because the nonmoving party has failed to make a sufficient showing on an essential element of her case with respect to which she has the burden of proof.

To create a genuine issue of material fact, the nonmovant must do more than present "some evidence" of a disputed fact. "If the [nonmovant's] evidence is merely colorable, or is not significantly probative, summary judgment may be granted." *Anderson*, 477 U.S. at 249-50 (citations omitted). Accordingly, a nonmovant "must produce evidence that would be sufficient to require submission to the jury of the dispute over the fact." *Mathieu v. Chun*, 828 F. Supp. 495, 497 (E.D. Mich. 1993) (citations omitted).

## IV. APPLICABLE LAW & ANALYSIS

### A. Probable Cause

As an initial matter, this Court must address whether the Plaintiff has alleged facts, viewed in the most favorable light to her, that demonstrate that the Defendant's conduct violated her constitutional rights. *Crockett v. Cumberland College*, 316 F.3d 571, 579 (6th Cir. 2003). The federal constitutional right implicated here is the Fourth Amendment right to be arrested only upon probable cause. *Id*. at 579-580. (citing *Pyles v. Raisor*, 60 F.3d 1211, 1215 (6th Cir. 1995); *Donovan v. Thames*, 105 F.3d 291, 297-298 (6th Cir. 1997)).

It is well established that any arrest without probable cause violates the Fourth Amendment. *Crockett*, 316 F.3d at 580. *See Gardenhire v. Schubert*, 205 F.3d 303, 315 (6th Cir. 200); *Ahlers v. Schebil*, 188 F.3d 365, 370 (6th Cir. 1999); *see also Baker v. McCollan*, 443 U.S. 137, 142-143 (1979). For a police officer to have probable cause for arrest, there must "be facts and circumstances within the officer's knowledge that are sufficient to warrant a prudent person, or one of reasonable caution, in believing, in the circumstances shown, that the suspect has committed, is committing or is about to commit an offense." *Id*. at 581. (citing *Michigan v. DeFillippo*, 443 U.S. 31, 37 (1979)). The probability of criminal activity is assessed under a reasonableness standard based on "an

4

examination of all facts and circumstances within an officer's knowledge at the time of an arrest." *Id*. (citing *Estate of Dietrich v. Burrows*, 167 F.3d 1007, 1012 (6th Cir. 1999)). Once an officer establishes probable cause, he or she is under no obligation to continue investigating and may instead pursue the arrest of a suspect. *Id*. In the § 1983 context, the question of whether probable cause existed is left for the jury, unless there is only one reasonable determination possible. *Id*. (citing *Pyles*, 60 F.3d at 1215).

A simple criminal assault has been defined as "either an attempt to commit a battery or an unlawful act which places another in a reasonable apprehension of receiving an immediate battery. *People v. Grant*, 535 N.W.2d 581, 582 (Mich. 1995) (citing *People v. Johnson*, 284 N.W.2d 718 (Mich. 1979)). Felonious assault is further defined as (1) a simple assault, (2) aggravated by the use of a weapon, and (3) including the element of present ability to commit a battery.[3] *Id*.

Defendant did not personally observe the alleged incident between the Plaintiff and Ms. Finney. (Def., Police Officer Robert Kenyon's Mot. For Summ. J., Ex. 1). Defendant arrived upon the scene as a result of Plaintiff or Ms. Finney calling law enforcement. (Def., Police Officer Robert Kenyon's Mot. For Summ. J., Ex. 1; Ex. 5; Ex.4). Defendant then interviewed Plaintiff, Ms. Gray, Ms. Deremus, Mr. Ledford, and Ms. Finney. (Def., Police Officer Robert Kenyon's Mot. For

---

[3] An automobile can constitute a "dangerous weapon" within the meaning of a felonious assault charge. *People v. Sheets*, 360 N.W.2d 301, 304 (Mich. 1984). Therefore, it is undisputed that Plaintiff vehicle would be considered a dangerous weapon in regards to a charge of felonious assault.

Under Michigan law, intent is a necessary element of felonious assault. *Fish v. People of State of Mich.*, 62 F.2d 659, 661 (6th Cir. 1933). Felonious assault is a specific intent crime which requires that the [Plaintiff] either intend to injure the victim or intend to put the victim in reasonable fear of immediate battery. *People v. Johnson*, 284 N.W.2d 718, 718-719 (Mich. 1979).

Summ. J., Ex. 1). Ms. Finney alleges that Plaintiff struck her with her vehicle. (Def., Police Officer Robert Kenyon's Mot. For Summ. J., Ex. 1). Plaintiff denied that she struck Ms. Finney with her vehicle. (Def., Police Officer Robert Kenyon's Mot. For Summ. J., Ex. 1; Ex. 5). Ms. Gray did not recall Plaintiff striking Ms. Finney with her vehicle. (Def., Police Officer Robert Kenyon's Mot. For Summ. J., Ex. 6). Nor did she recall Ms. Finney stating that she had been struck by Plaintiff's vehicle. (Def., Police Officer Robert Kenyon's Mot. For Summ. J., Ex. 6). Mr. Ledford alleges that Plaintiff struck Ms. Finney with her vehicle. (Def., Police Officer Robert Kenyon's Mot. For Summ. J., Ex. 4). There is no testimony regarding the other interviewee's opinions pertaining to the instant matter. (Def., Police Officer Robert Kenyon's Mot. For Summ. J., Ex. 1). The record does not include the depositions of Ms. Deremus or Ms. Finney's daughter. Ms. Finney alleges that as a result of Plaintiff's vehicle striking her, her knee popped out of place. (Def., Police Officer Robert Kenyon's Mot. For Summ. J., Ex. 3). Ms. Finney refused to seek any medical attention for any alleged injuries. (Def., Police Officer Robert Kenyon's Mot. For Summ. J., Ex. 1). There was no testimony to demonstrate that Plaintiff intended to hit Ms. Finney with her vehicle by Plaintiff, Ms. Gray, Ms. Deremus, Mr. Ledford, Ms. Finney's daughter, or Ms. Finney. There is also no testimony to demonstrate that Plaintiff intended to put Ms. Finney in reasonable fear of immediate battery. At most, there is the alleged comment that Plaintiff made stating, "I didn't bump your car, but I will show you how to bump a car!" This comment neither states an intention to hit Ms. Finney with a vehicle, nor can it be said that the comment would put Ms. Finney in reasonable fear of immediate battery. Mr. Rieben's deposition testimony confirms that Ms. Finney asserted that Plaintiff struck her with her vehicle, but it appears that there is a question as the whether or not Ms. Finney belived

that Plaintiff intended to injure the victim or intended to put Ms. Finney in reasonable fear of an immediate battery. In his deposition testimony, Mr. Rieben stated:

> Q. When you got to the scene, was Ms. Finney arguing with Ms. Scott (Plaintiff)?
>
> A. Not that I recall.
>
> Q. What do you recall on terms of interaction, if any, between Ms. Finney and Ms. Scott when you first arrived or did you see anything?
>
> A. I don't recall any interaction between the two of them.
>
> Q. Did you hear any screaming and yelling?
>
> A. No.
>
> Q. You didn't see any screaming or yelling on the part of Ms. Scott or Ms. Finney; is that correct?
>
> A. That's correct.
>
> Q. So, when you got there, the scene was pretty calm, I take it?
>
> A. Yes.
>
> \*\*\*\*\*
>
> Q. She (Ms. Finney) said Ms. Scott hit her car; and then what else did she say, everything that you recall her saying?
>
> A. Ms. Finney stated that after her car was supposedly struck, she exited her vehicle to check for damage.
>
> Q. Okay.
>
> A. At which point in time, Ms. Scott struck her in the knee.
>
> Q. Did she give you any more specifics or details, or was (that) pretty much what you remember her saying?
>
> A. That's essentially what I remember.

Q. She didn't give a reason as to why Ms. Scott would have done this, did she?

A. No, sir.

Q. Didn't say whether Ms. Scott did it on purpose or anything like that, did she?

A. Not that I recall.

Q. You were right there listening to the conversation, correct?

A. Correct.

Q. Between Ms. Finney and Police Officer Kenyon?

A. Correct.

Q. Did Ms. Finney still appear to be calm in explaining what her version was to Police Officer Kenyon?

A. I would describe Ms. Finney as agitated.

Q. Agitated?

A. But calm.

Q. Of course, you didn't observe any injuries on Ms. Finney; is that correct?

A. I did not, no.

Q. She didn't look or act like she was injured at all, did she?

A. To my recollection, no.

Q. Police Officer Kenyon didn't tell you she was injured in any kind of way; is that correct?

A. That's correct.
Q. Didn't tell you that anybody in the car with Ms. Finney said she was injured at all; is that correct?

A. That's correct.

(Dep. - Ryan C. Rieben at 15, 19-21) (objections omitted).

Construing the facts in the light most favorable to the Plaintiff, there appears to be conflicting testimony by Plaintiff and Ms. Finney as to whether or not she was struck by Plaintiff's vehicle. Mr. Ledford's deposition testimony is that Ms. Finney was struck, but he also testified that he was seated on the front passenger side of the vehicle when Ms. Finney was allegedly struck. (Def., Police Officer Robert Kenyon's Mot. For Summ. J., Ex. 4). Ms. Gray testified in her deposition that she did not hear Ms. Finney state that she was struck by Plaintiff's vehicle. (Def., Police Officer Robert Kenyon's Mot. For Summ. J., Ex. 6). The only fact that is not in dispute is that Ms. Finney was standing next to her vehicle when Plaintiff pulled into the parking space for the second time. Ms. Finney stated that her knee popped out when she was struck by Plaintiff's vehicle, but received no medical attention for her alleged injuries. Mr. Rieben testified that although Ms. Finney stated that she was struck by Plaintiff's vehicle, Ms. Finney did not state that she felt as if Plaintiff intended to strike her with the vehicle, and that Ms. Finney did not appear to be injured.

Based upon these facts and circumstances that were known to the Defendant, there were two reasonable determinations that could have been made by the Defendant. The Defendant could have determined that Ms. Finney was struck by Plaintiff's vehicle, or Defendant could have determined that Plaintiff simply struck Ms. Finney's vehicle, but did not assault her. Due to the fact that there is more than one reasonable determination possible, in the § 1983 context, the question of whether probable cause existed should be left for the jury to determine. *See Crockett*, 316 F.3d at 581.

### B. Qualified Immunity

Defendant contends that he is entitled to qualified immunity as to all federal claims brought against him in the instant matter. (Def., Police Officer Robert Kenyon's Mot. For Summ. J. at 3). Plaintiff asserts that there are genuine issues of material fact that would permit a reasonable jury to find that Defendant lacked probable cause to arrest Plaintiff for felonious assault. (Pl.'s Answer to Def.'s Mot. For Summ. J. at 7).

When qualified immunity is asserted, the district court must conduct a two-step inquiry. *Hinchman*, 312 F.3d at 205. The first step is to decide whether the complaint alleges a violation of a constitutionally protected right. *Id*. (citing *Saucier v. Katz*, 533 U.S. 194 (2001)). "[T]he next, sequential step is to ask whether the right was "clearly established" at the time of the violation. *Id*. "For a right to be clearly established, the contours of the right must be sufficiently clear that a reasonable official would understand that what he is doing violates that right." *Id*. (citing *Ewolski v. City of Brunswick*, 287 F.3d 492, 501 (6th Cir. 2002) (internal quotation marks and alteration omitted). "Although it need not be the case that the very action in question has been previously held unlawful, in light of pre-existing law, the unlawfulness must be apparent." *Id*.

Plaintiff has alleged three claims under 42 U.S.C. § 1983. The right to be free from illegal search and seizure and not be arrested without probable cause is a clearly established constitutional right. *See Crockett*, 316 F.3d at 580. In addition, the right was clearly established at the time of the violation. Therefore, the Defendant is not entitled to qualified immunity and Defendant, Police Officer Kenyon Martin's Motion for Summary Judgment as to Plaintiff's 42 U.S.C. § 1983 claims is denied.

**C. Plaintiff's State Law Claim**

Defendant asserts that Plaintiff's claims for malicious prosecution, and false arrest/false imprisonment fail because he had probable cause to arrest. (Def., Police Officer Robert Kenyon's Mot. For Summ. J. at 8). Since this Court has determined that the question of whether probable cause existed should be left for the jury, Defendant, Police Officer Kenyon Martin's Motion for Summary Judgment as to Plaintiff's state claims is denied.

**V. CONCLUSION**

Accordingly,

IT IS ORDERED that Defendant, Police Officer Kenyon Martin's Motion for Summary Judgment **[Docket No. 16, filed August 29, 2005]** is DENIED.


Dated: January 30, 2006 　　　　　　　　　/S/ DENISE PAGE HOOD
Detroit, Michigan 　　　　　　　　　UNITED STATES DISTRICT JUDGE


I HEREBY CERTIFY THAT A COPY OF THE FOREGOING DOCUMENT WAS SERVED UPON COUNSEL OF RECORD ON JANUARY 30, 2006, BY ELECTRONIC AND/OR ORDINARY MAIL.

　　　　　　　　　S/WILLIAM F. LEWIS
　　　　　　　　　CASE MANAGER

11